**ORIGINAL**

# In The United States District Court For The District Of Delaware

Ronald G. Johnson #182421  )
  Petitioner    Inmate Number  ) Civil Action No. 0 6 - 2 3 1 -
v.  ) _____
State Of Delaware, Prosecutor  ) State of Delaware Criminal I.D. No.
Raphael William, Warden  ) 0504012348
  ) _____
  ) Delaware Supreme Court Appeal Case No.s
  ) 294, 2005, 611, 2006, 343, 2005 et all.,
  ) Numerous other Writs and Appeals

FILED APR 7 4:22 PM

## Petition For Writ Of Habeas Corpus
## 28 U.S.C. 2241 (C)(3)

Comes Now, the Petitioner Ronald G. Johnson and Motion and Moves this Honorable Court to issue Writ Of Habeas Corpus to Raphael Williams warden at Howard R. Young Correctional Institution Gander Hill Prison 1301 E. 12th Street Wilmington Delaware 19809 and State Of Delaware Prosecuter Andrew J. Velle et al. 820 N. King Street Wilm. De 19802, to test the Validity of their Continual incarceration of the Petitioner. Herewith, Petitioner asserts the Following as Fact and grounds Supporting his Cause:

### I. Jurisdiction "28 U.S.C 2241(C)(3)"

1.) Federal Courts has Juridiction under Title 28USC 2241(C)(3) to grant Writ of Habeas Corpus prior to trial to individual in State Custody in Violation of Constitution, Law, and Treaties before Conviction by State Court
See: Brandon v. 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed2d 443 at 675

### II. Parties

2.) The Petitioner, Ronald G. Johnson, is incarcerated currently at the Howard R. Young Correctional Institution, Gander Hill Prison 1301 N. 12th Street Wilmington Del. 19809, Mailing address is P.O. Box 9561 Wilmington, De. 19809

3.) Respondant, Raphael Williams is the Warden of Howard R. Young Correctional Institution 1301 E. 12th Street Wil. De 19809 and is Custodian of Petitioner's detention

4.) Respondant, State of Delaware Prosecuter Andrew J. Velle et all, the Department of Justice 820 N. French Street Wilmington, Delaware 19801, The Custodian of the defendant and Petitioner Subject matter prosecution.

4.)   III. Statement of The Facts

(a) Police came to petitioner Home and Call the ambulance Because petitioner had taken a lot of prescription medication. The Officer made No arrest. But left the petitioner in the Custody of other officers, that officer Called Howard R. Young Staff to watch me while in the Christiana Hospital. One Officer of Howard R. Young Correctional Center was to watch me as overtime. But changed her mind and wanted to leave, So she Said to me I am going to take you to Gander Hill prison and leave you there let them deal with you. I ask what my Charges she Said she don't know. But she going to take me to Gander Hill and She is not releasing me or letting me go. I said I am not Charged with nothing. Nor have I Committed a Crime. I was taken to jail and left with-out being Charge or book or finger Printed and with-out a Detention Order.

(b)   Eight days later I was Subpeanaed by the prosecuter and or judge for Preliminary Hearing Aprill 22, 2005. At that Hearing I asked who was the arresting officer, the judge, Nor prosecuter Could tell me who arrested me. I asked for a valid warrent the Judge, Nor prosecuter Could not provide one. The prosecuter had typed up a warrent which she presented as a officer, un-sign by a officer Court Commission, Judge or Court official it was in-valid, No good. No officer had filed a affidovit. The prosecuter did not have a arresting officer. The prosecuter had Sobpeano-ed a officer for another Case. She Coach this officer into testifieng to lies she had told him to say. Under Cross examination of the petitioner, the officer testified that he had not file a warrent against the peti--tioner, Nor did any other officer. He also testified that he never Saw my arrest, Nor know who might have arrested me the petitioner.

(c) The petitioner Move the Court of Common Pleas Judge to Dismiss his Case for lack of evidence and Probable Cause. Because there was No arresting officer and No valid warrent filed. The Judge Denied Petitioner Motion to Dismiss, Motion to Dismiss Charges being bias and prejudice. And bound the Case to Superior Court and

②

to a grand jury. The petitioner was ordered held on bail. The petitioner filed a Writ of Habeas Corpus which was Denied in Court of Common Pleas, But his Case jumped to Superior Court and then petitioner filed one in Superior Court before he was indicted, It was Denied because I was Indicted and held on bail. I could not get my Habeas Corpus Writ address because the Court Change, then I was indicted. Now its stable so I Come again with a update Writ of Habeas Corpus.   "Similar Caselaw as The Petitioners"

5) To Grant The Petitioner Writ of Habeas Corpus this Court must first Revisit or Visit Hall v. Carr, 692 A.2d 888 (Del. 1997) And Joy v. Superior Court 298 A.2d 315, 316 (Delaware 1972.)

(a)   In the Joy v. Superior Court Case the petitioner Filed a Writ of Habeas Corpus because there was not enough evidence to bound his case over to Superior Court. Pending his Motion for Habeas Corpus he was Indicted by a grand jury. Petitioner then Appealed the Supreme Court Rule a grand jury Indictment was a Probable Cause Hearing.

(b)   In the Hall v. Carr. Case the Petitioner petitioned for Writ of Habeas Corpus and was Denied, then he Appealed the Supreme Court Ruled, Under State law, habeas Corpus is not available for a person Committed or detained on a felony charge, "the Species whereof is plainly and fully set out or forth in the Commitment " Del. Code Ann. tit. 10, §6902 (1) See Hall v Carr. 692 A.2d 888, 891 (Del. 1997).

6)  "The Petitioner Ronald G. Johnson's Ground For Writ Of Habeas Corpus"

My Indictment, and Felony Charges was obtained threw Fraud Fraud. As is explained in my Statement of The Facts.

Similarity of Their Case and Mine

In My Preliminary Hearing there was not enough evidence or Probable

③

cause to send my case to Superior Court or to a grand jury, But it was done like it was done in the Hall v. Carr Case and Joy v. Superior Court Case, I likewise was Indicted and charged with felonies by a grand jury and held on bail.

7.) <u>But There is a Difference In My Case and The Case of Joy and Superior Court 298 A.2d 315 (Del. 1972) and Hall v. Carr. 692 A.2d 888 (Del. 1997)</u>

The difference of my case and those above is I was never arrested I was never legally detained and was never charged by officers for the charges of this case. So at Preliminary Hearing the Case should have been Dismissed.

<u>Issues For Review (And) Certified Question</u>

The issues for review and certified question are as follows;
<u>"Due Process"</u>

8.) IF I have never been charged by the police for these charges, and have been illegal braught in this prison by <u>Howard R. Young Correction Institution, "Staff of Gander Hill Prison"</u>. Then at Preliminary Hearing there was not Probable Cause, reasonable bases, lack of evidence to send my case to Superior Court or to a grand Jury, would this Court Classify my case as the two above.

<u>Fact Of This Case</u>

I was never arrest by officers. No warrent was filed by officer. No officer swore out a Affidavit that I committed a crime. I was Illegaly braught in this prison by this prisons staff not because I Committed a crime but because it was Conveniate (betters) for them. That's the differents between my case and the ones above.

9.) <u>My Claim is also different than theirs</u>

I claim the Indictment was obtained by Fraud and Corruption and in violation of my Due Process Rights. Supreme Court of the United States and the Laws of the land, and Common sense has set out a Procedure of law that must be Followed and a violation of that Procedure make the arrest and detention of a person illegal and a

(4)

Violation of his rights.    "Violations of Equal Protectio of Law"

10) <u>Due Process Violation, False Arrest and False Imprisonment</u>

(a) The proper procedure was that a officer must arrest a person by taking him into custody. And bring him before a magistrate, Order judge, File a (Affidavit) report with the Judge or Magistrate, that the officer believe the person committed a crime. That Magistrate or Judge must first believe the officer or believe there is or was probable cause to issue a warrent for the officer to make a arrest of person accused. That did not happen in my case. No magistrate signed the warrent. And no officer sign a Affidavit. I was illegally taken into prison by prisons staff, not for committing a crime. It was because the prison officer did not want to watch me as she volonteered.

(b) The prosecuter tried to cover the illegal custody of the (Gander Hill) officer by begining a Malicius prosecution. She type her own warrent presented as if a officer had filed it. She committed fraud. The Judge aided the fraud by sending the case to a grond jury and Superior Court. At Preliminary Hearing the judge was told by officer that no officer pressed charges At Preliminary Hearing both prosecuter and judge could not tell the petitioner who arrested him. So this petitioner is not in legal custody, and was never legally in custody.

(c) "Prosecuters Authority  "Indictment is Fraud"
The Indictment was obtained by Fraud. The prosecuter has not the authority to prosecute a case. The prosecuter type her own warrent using officer name as if they prepared it, <u>which is Fraud</u>. The prosecuter's warrent was in-valid. No officer swore a affidavit for the prosecuter to prosecuter. The prosecuter never witness a crime, nor spoke to a victim. At Preliminary Hearing the case was illegally sent to a grand jury. Because there was no evidence of probable cause. Because no officer had pressed any charges

11) "<u>Accual Innocense</u>"
There was never a crime committed, the officer press no charges There were no victim. Michelle Roebuck never call officer for a crime she call them to get in the house. The officer illegally broke in and oppoligized I was taken to the Hospital by Ambulance. Then prison staff was called to watch me, not take me into prison. The prosecuter made up false charges.

No officers showed up for Preliminary Hearing because No officer Pressed Charges. The prosecuter present Fraud to the Court that a Crime happen. The prosecuter presented a False warrent.

12.) <u>Interrogatory Question</u>

(a.) Who was the arresting officer?
(b.) What Police Station was I taken to?
(c.) Who booked me?
(d.) Who took my finger prints?
(e.) Who took my picture?
(f.) Which magistrate I appeared before?
(g.) Which New Castle County police braught me to Gander Hill Prison?

In the interest of justice the Court should order the respondants to answer the interrogatory question. The Court will find I was not arrested

13.) "<u>Jurisdiction Question</u>"

The prosecuter warrent is fraudulent. The jurisdiction question it present for this Court to adjudicate is are New Castle County police allowed to file warrents in other district while opperating in their official capacity. The New Castle County police majostrote Court is Court 11, Justice of the peace. In the prosecuter Fraudulent warrent She has it typed to be sworn in Court 20, Justice of the peace, which is for Wilmington Delaware officer. The Court and Law system bands filing warrents in other district and band them in other states.

<u>Question</u>: Is there a claim that the warrent was not file in his offical capacity. Howo how would he explain kicking in my door with-out a warrent. It would mean when he is off duty he can kick in door without a search warrent. That can't be done unless working in full capacity with a seach warrent.

14.) "<u>Concluting</u>."

I was never in custody legally. And the Indictment and Charges was obtain by Fraud. And any custody for a fraudulent obtain Indictment and Charges is illegal and unconstitutional. The Prosecuter broke the Law and started a malicous prosecution and it's illegal.

(6)

15.) ## IV. Statement OF The Claims

A Writ of "Habeas Corpus" is an extraordinary remedy issuable by trial Court to inquire into the legality of persons detained or under restraint of their liberty. In Interest of Stevens 652 A.2d 18, (1995). Purpose of Writ of Habeas Corpus is to benefit prisoners, and Writ is designed to accomplish speedy inquiry into allegedly unlawful detention of prisoners through summary judicial proceedings, 10 Del. C. § 6901.

16.) Defendant asserts the following that his continued detention is illegal for the following reasons.

(a.) He was not arrested by officer in the first instants, No officer file a affidavit, sworn statement or Declaration that the defendant or petitioner committed a offense. Nor was a warrent filed by officer in the first instants to begin his prosecution. The defendant and petitioner was never braught in this prison by a arresting officer for Criminal Charges. The Petitioner was braught in this prison illegally. The Prosecuter was with-out Jurisdiction and authority to create her own warrent. And with-out Jurisdiction to prosecuter with-out a warrent of affidavit swearing or Declaring to a crime was commit, No officer told her, Nor a victim that a crime was Committed.

(b.) The Indictment and Charges of the grand jury was obtained by Fraud of the Prosecuter, and malicious prosecution of the Prosecuter. There were never Probable cause to prosecute, Nor seek Indictment. There were No Victim to swear to the prosecuter, Nor was there a witness or officer to testify for the prosecuter, or to the prosecuter that a crime was committed.

17.) ## "Judicial Misconduct (and) Prosecuter Misconduct"

There was No evidence at Preliminary Hearing or Probable cause to Prosecute further, when No officer come to testify for the Prosecuter, And No warrent was filed by a officer and when the Judge, Nor Prosecuter

(7)

could tell the defendant and Petitioner who was the arresting officer ~~was~~. The Prosecuter was with-out jurisdiction and authority to type up her own warrent and present it to the Court, when no officer swore out a affidavit or gave a declaration that a crime was committed. No victim or witness testified that a crime was committed. Therefore all the prosecuter conduct was illegal and fraud that lead to the indictment, And violated Due Process of law.

18.) <u>Things Needed Before Adjudication</u>

(a.) Therefore the Court should order the prosecuter to answer the Interrogatory Question

(b.) And Order this Prison to produce a valid Detention Order

(c.) Order a copy of Preliminary Hearing April 22, 2005

19.) <u>Concluding</u>

(a) The Indictment was obtain by Fraud. And It was obtained in violation of Law and the Rule of Criminal Procedure. The first element of a Prosecution is that a officer or victim must swear out a Affidavit or Declaration or Oath that a crime was committed. This did not happen in my case. The prosecuter created her own warrent and braught forth false witness. The ~~officer testified~~ that he never press charges, Nor did any other officer. That he never saw my arrest and don't know who might of filed a warrent.

(b) The second stage of a prosecution is a Magistrate Judge must give approval of the warrent. The prosecuter forge a signiture of a Magistrate, but could not get a officer to swear out a affidavit. A investigation has revealed No magistrate approve prosecution. Nor was a Detention Order issue, The warrent was not of a officer it was the prosecuter's. A New Castle County police officer would ~~ha~~ve went to Court II, Justice of the peace (which is proper Jurisdiction) and filed a warrent. for New Castle County police.

Therefore Petitioner is obtain on detention by a Indictment obtained by Fraud. The Due Process Due Process of Law was Violated. et. all as is explain threwout the Motion For Habeas Corpus.

⑧

## V. Relief Sought

20) WHEREFORE, Defendant and Petitioner Prays that Writ Habeas Corpus be issued forthwith to Warden Raphael Williams at Howard R. Young Correctional Institution, Gander Hill Prison, And State of Delaware Prosecuters office and M. Jane Brady et.al., requiring them to produce the body of the defendant-petitioner before a judge of Superior Court, in and for New Castle County, together, together with the alleged grounds and the Cause of this detention, so that the Constitutionality and Legallity of his Confinement and detention may be inquired into with respect to laws of the State of Delaware and such rights as guaranteed by the Constitution of Delaware and the United States. Upon deficiency, Defendant-Petitioner Prays for his immediate release from Custody, Dismissal of Charges and Indictment.

"Oath and Affidavit"

I Declare under penalty of perjury that the forgoing is true and Correct.

Declared October 3, 2005    Signed Ronald Johnson

Thank You and your help and kindness is truely truely appreciated. Thank You! Ronald Joh

(9.)

Ronald G. Johnson
#182474/H.R.Y.C.I.
P.O. Box 9561
Wilmington, Delaware 19809

"Leg"

Office of The Clerk
United States District Court
For The District of Delaware
844 N. King Street
Wilmington, Delaware 19809

LEGAL MAIL ONLY

# Filing of Exhibits #A, #B and #C

Comes Now the Petitioner and defendant And File Exhibits #A, #B, and #C in Support of Writ of Habeas Corpus

## Exhibit #A

06 231

Shows of the warrent of the prosecuter No officer Filed it, Nor swore out a Affidavit, Oath or Declaration that a Crime was Committed. Also No magistrate or Judge sign and Authorize it. And No Detention order was issue from Court 20 Justice of the Peace

## Exhibit #B

Exhibit #B shows a copy of the prosecuter Indictment it's in-valid no jury foreman signed it. The signature are from a rubber stamp that the Prosecuter used. No grand jury returned any charges. It's stamped twice in two different places and uneven in both places.

## Exhibit #C

Exhibit #C is filed showing that a Rule 9 Indictment was requested. But No Indictment was issued. The grand jury never issue the prosecuter a Indictment. Therefore I am not Charged.

## Superior Court Lack of Subject matter Jurisdiction

The Court is Moved pursuant to Superior Court Administrative Order Secs. 5(a), 5(c), 18(b), which authorized dismissals pursuant to Superior Court 48(b) for failure to Indict within (45) Forty-Five days after arrest. Defendant has been held past 45 days.

Oath and Affidavit I declare all above is true under penalty of perjury Declare October 3, 2005   Signed Ronald Deluca   Thank You! Sincerely

*Exhibit A : "Showing invalid Charges"*
*This shows Affidavit Not Sign by officer, Judge, Commissioner or Court official*

Adult Complaint and Warrant
In the Justice of the Peace Court
In and for the
State of Delaware

06 -231 --

REDACTED

State of Delaware vs. **RONALD G. JOHNSON**

I, OFC MARC W ALFREE (2555) of New Castle County PD, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in **New Castle** county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of **8** charges, and to be further dealt with as the law directs.

X _____
Affiant

Sworn to and subscribed to before me this 16th day of April AD, 2005.

_____
Judge/Commissioner/Court Official

(To be completed by the Judge/Commissioner/Court Official)

A. _____ The crime was committed by a child.
B. _____ A misdemeanor was committed against a child.
C. _____ A misdemeanor was committed by one family member against another family member.
D. _____ Other: Explain _____

COPY

Warrant

To any constable or other authorized person:

Whereas, the foregoing complaint consisting of **8** charges, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take **RONALD G. JOHNSON** accused, and bring same before

**Justice of the Peace Court 20, FORTHWITH, to answer said charges.**

GIVEN UNDER MY HAND, this 16th day of April AD, 2005.

_____
Judge/Commissioner/Court Official

Executed on _____ by _____
Case Number: **05 04 012348**   Warrant Number: 32 05 002559

State of Delaware vs. **RONALD G. JOHNSON**    Case: **05 04 012348**

## Exhibit A

Charge Sequence: 001    Police Complaint Number: 32 05 044934    Arrest Number: _____
Charge: **Possession of a Deadly Weapon During the Commission of a Felony** In Violation of 11 Del.C. § 1447 0000 F B
Location: 1623 New Jersey AVE - Manor Park Apts - New Castle, 19720
TO WIT: RONALD G JOHNSON, on or about the 15th day of APRIL, 2005, in the County of NEW CASTLE, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony by possessing 13 INCH BUTCHER KNIFE, a deadly weapon, during the commission of UNLAWFUL IMPRISONMENT 1ST (11/0782 F/G).
To Wit: Ronald Johnson did possess a 13 inch butcher knife while committing the crime of Unlawful Imprisonment.


Charge Sequence: 002    Police Complaint Number: 32 05 044934    Arrest Number: _____
Charge: **Unlawful Imprisonment First Degree** In Violation of 11 Del.C. § 0782 0000 F G
Location: 1623 New Jersey AVE - Manor Park Apts - New Castle, 19720
TO WIT: RONALD G JOHNSON, on or about the 15th day of APRIL, 2005, in the County of NEW CASTLE, State of Delaware, did knowingly and unlawfully restrain another person under circumstances which expose that person to the risk of serious physical injury.
To Wit: Ronald Johnson stood in front of the front door (and the only door to the apartment) while holding a 13 inch butcher knife not allowing Michelle Roebuck to leave the apartment.


Charge Sequence: 003    Police Complaint Number: 32 05 044934    Arrest Number: _____
Charge: **Offensive Touching of Law Enforcement Officer Ambulance Attendant EMT Firefighter Corrections Officer or Medical Professional** In Violation of 11 Del.C. § 0601 00a1 M A
Location: 1623 New Jersey AVE - Manor Park Apts - New Castle, 19720
TO WIT: RONALD G JOHNSON, on or about the 15th day of APRIL, 2005, in the County of NEW CASTLE, State of Delaware, did intentionally touch SCOTT SIMPSON, either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to that person who was acting in the lawful performance of his duty as a Law Enforcement Officer corrections officer
To wit: Ronald Johnson did punch Cpl S. Simpson (#2320/NCCPD) in the chest causing him alarm.


Charge Sequence: 004    Police Complaint Number: 32 05 044934    Arrest Number: _____
Charge: **Offensive Touching of Law Enforcement Officer Ambulance Attendant EMT Firefighter Corrections Officer or Medical Professional** In Violation of 11 Del.C. § 0601 00a1 M A
Location: 1623 New Jersey AVE - Manor Park Apts - New Castle, 19720
TO WIT: RONALD G JOHNSON, on or about the 15th day of APRIL, 2005, in the County of NEW CASTLE, State of Delaware, did intentionally touch SCOTT SIMPSON, either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to that person who was acting in the lawful performance of his duty as a Law Enforcement Officer corrections officer
To wit: Ronald Johnson did hit Cpl S. Simpson in the chest with his chest causing him alarm.

State of Delaware vs. **RONALD G. JOHNSON**        Case: **05 04 012348**
Charge Sequence: 005   Police Complaint Number: 32 05 044934   Arrest Number: _____
Charge: **Resisting Arrest** In Violation of 11 Del.C. § 1257 0000 M A
Location: 1623 New Jersey AVE - Manor Park Apts - New Castle, 19720
TO WIT: RONALD G JOHNSON, on or about the 15th day of APRIL, 2005, in the County of NEW CASTLE, State of Delaware, did intentionally attempt to prevent MARC W ALFREE of the New Castle County PD from effecting an arrest of himself, by REFUSING TO COMPLY WITH LAWFUL ORDERS.
To Wit: Ronald Johnson did refuse to place his hands behind his back after being ordered to do so by Ofc M. Alfree (#2555/NCCPD).

Charge Sequence: 006   Police Complaint Number: 32 05 044934   Arrest Number: _____
Charge: **Resisting Arrest** In Violation of 11 Del.C. § 1257 0000 M A
Location: 1623 New Jersey AVE - Manor Park Apts - New Castle, 19720
TO WIT: RONALD G JOHNSON, on or about the 15th day of APRIL, 2005, in the County of NEW CASTLE, State of Delaware, did intentionally attempt to prevent Scott Simpson of the New Castle County PD from effecting an arrest of himself, by refusing to comply with lawful commands.
To Wit: Ronald Johnson pulled away from Cpl S. Simpson (#2320/NCCPD) while attempting to secure him to an ambulance stretcher.

Charge Sequence: 007   Police Complaint Number: 32 05 044934   Arrest Number: _____
Charge: **Menacing** In Violation of 11 Del.C. § 0602 000A M
Location: 1623 New Jersey AVE - Manor Park Apts - New Castle, 19720
TO WIT: RONALD G JOHNSON, on or about the 15th day of APRIL, 2005, in the County of NEW CASTLE, State of Delaware, did by some movement of the body, place SCOTT SIMPSON in fear of imminent physical injury,
To Wit: Ronald Johnson did kick at Cpl S. Simpson (#2320/NCCPD) causing him to be in fear of imminent physical injury.

Charge Sequence: 008   Police Complaint Number: 32 05 044934   Arrest Number: _____
Charge: **Offensive Touching** In Violation of 11 Del.C. § 0601 00a1 M
Location: 1623 New Jersey AVE - Manor Park Apts - New Castle, 19720
TO WIT: RONALD G JOHNSON, on or about the 15th day of APRIL, 2005, in the County of NEW CASTLE, State of Delaware, did intentionally touch MICHELLE ANTOINETTE ROEBUCK, either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to that person.
To Wit: Ronald Johnson did poke Michelle Roebuck in her head with his finger causing her alarm.

State of Delaware vs. **RONALD G. JOHNSON**    Case: **05 04 012348**

## Exhibit B

SBI Number: **00182421**                          Also Known As:
Date of Birth/Age:  **1965 (39)**        Sex: **Male**                                           Race: **Black**
Eye Color: **Brown**        Hair Color: **Black**        Height: **6'0"**    Weight: **155 lbs**
Driver's License: **DE - 0917981**        Social Security Number:

Address:  **1623 New Jersey AVE**            Next of Kin, Address, Employer
          **Manor Park Apts**                **ETHEL JOHNSON**
          **New Castle, DE 19720**           **2203 S TATNALL ST**
Phone:                                       **WILMINGTON, DE 19802**
                                             **Phone: (302) 761-9046**

Employer: **UNEMPLOYED**

Date and Times of Offense: **Between 04/15/2005 at 2300 and 04/15/2005 at 2323**
Location of Offense: **1623 New Jersey AVE - Manor Park Apts - New Castle, 19720**

Your affiant OFC MARC W ALFREE can truly state that:

1. Your affiant is a sworn police officer employed by the New Castle County Police Department and is assigned to the patrol division.

2. On Fr 04-15-05 @ 2323 hours your affiant responded to 1201 N. Dupont Highway in New Castle reference to a domestic dispute with a weapon which occurred at 1623 New Jersey Ave, Apt 2 (Manor Park Apts), in New Castle, New Castle County, Delaware.

3. Your affiant did interview Michelle Roebuck (b/f    -66) who stated she was involved in a domestic dispute with her boyfriend, Ronald Johnson (b/n    -65), who was armed with a knife.

4. Michelle Roebuck advised your affiant that at approximately 1200 hours on Fr 04-15-05 Ronald Johnson wanted money from her however she refused to give him any. At this point Ronald began to poke her in the head causing her alarm. Michelle then fled the residence so Ronald would not hurt her.

5. Michelle Roebuck returned to the residence later in the evening and became involved in another dispute with Ronald Johnson over money again. Michelle refused to give him any money again so Ronald entered the kitchen and grabbed a 13 inch butcher knife.
6. After Ronald armed himself with a knife Michelle attempted to leave the residence however Ronald stood in front of the only door to the apartment refusing to allow her to leave.

Affiant
Sworn and subscribed before me this 16th day of April AD, 2005

Judge/Commissioner/Court Official

State of Delaware vs. **RONALD G. JOHNSON**                    Case: **05 04 012348**

7. Michelle Roebuck stated at this point she fled to the bedroom because she was in fear of injury because Ronald had a crazed look (eyes wide open). Michelle was able to eventually flee the apartment when an unknown male inside the apartment pushed Ronald to the floor.

8. Your affiant, Cpl Simpson (#2320/NCCPD) and several other NCCPD officers responded to the apartment and made contact with Ronald Johnson. Your affiant and Cpl Simpson gave Ronald several loud and clear lawful commands to show his hands and get onto the floor however he refused to comply.

9. Ronald Johnson did eventually stand up and punch Cpl Simpson in the chest while he was attempting to effect an arrest.

10. After Ronald Johnson was taken into custody he was escorted to an awaiting ambulance and was placed on a stretcher. Ronald attempted to get up when he legs were being secured so therefore Cpl Simpson grabbed Ronald. Ronald pulled away and hit Cpl Simpson in the chest with his chest.

11. Ronald Johnson then attempted to kick Cpl Simpson placing him in fear of imminent physical injury.

12. Your affiant prays an arrest warrant be issued for Ronald Johnson (b/m 06-23-65) for the above charges.

Affiant: OFC MARC W ALFREE (2555) of New Castle County PD

| Victims: | Date of Birth | Relationship Victim to Defendant |
|---|---|---|
| MICHELLE A ROEBUCK | | Boyfriend/Girlfriend |
| SOCIETY/PUBLIC | | Victimless Crime |
| SCOTT SIMPSON | | Stranger |

_____
Affiant

Sworn and subscribed before me this 16th day of April AD, 2005

_____
Judge/Commissioner/Court Official

Exhibit #8 This Indictment is Fraud, the stamp Signitores are fake a rubber stamp the prosecter has used.

**RULE 9 WARRANT**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

06 231

| | |
|---|---|
| THE STATE OF DELAWARE ) | |
| ) | |
| V. ) | INDICTMENT BY THE GRAND JURY |
| RONALD G. JOHNSON ) | I.D. #0504012348 |

The Grand Jury charges RONALD G. JOHNSON with the following offenses:

**COUNT I. A FELONY**  #N 05-04-1616

UNLAWFUL IMPRISONMENT in the FIRST DEGREE, in violation of Title 11, Section 782 of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, did knowingly and unlawfully restrain Michelle Roebuck under circumstances which exposed her to the risk of serious physical injury by threatening her with a knife and refusing to let her leave the apartment.

**COUNT II. A FELONY**  #N 05-04-1615

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY, in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

A TRUE BILL

_____
(FOREPERSON)

_____
ATTORNEY GENERAL

Marsha White for
_____
DEPUTY ATTORNEY GENERAL
Andrew Vella

FILED APR 7  4 23 PM '06 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

United States District Court for Western District of Virginia on or about March 14, 2002 to the felony charge of Prepare or Aid and Abet in the Preparation of Fraudulent Tax returns in violation Title 18 USC §287 and 2.

### COUNT IV. A MISDEMEANOR #N ~~F~~ 05-04-1617w

OFFENSIVE TOUCHING OF LAW ENFORCEMENT OFFICER, in violation of Title 11, Section 601(a)(1) of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, did intentionally touch Cpl. Scott Simpson of the New Castle County Police Department either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to said person who was acting in the lawful performance of his duty as a law enforcement officer.

### COUNT V. A MISDEMEANOR #N ~~F~~ 05-04-1618w

OFFENSIVE TOUCHING OF LAW ENFORCEMENT OFFICER, in violation of Title 11, Section 601(a)(1) of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, did intentionally touch Cpl. Scott Simpson of the New Castle County Police Department either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to said person who was acting in the lawful performance of his duty as a law enforcement officer.

### COUNT VI. A MISDEMEANOR #N ~~F~~ 05-04-1619w

RESISTING ARREST, in violation of Title 11, Section 1257 of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, did intentionally prevent or attempt to prevent a peace officer, Officer Marc Alfree, from effecting an arrest or detention of himself or did intentionally flee from a peace officer who was effecting an arrest.

### COUNT VII. A MISDEMEANOR #N ~~F~~ 05-04-1620w

RESISTING ARREST, in violation of Title 11, Section 1257 of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County

of New Castle, State of Delaware, did intentionally prevent or attempt to prevent a peace officer, Cpl. Scott Simpson, from effecting an arrest or detention of himself or did intentionally flee from a peace officer who was effecting an arrest.

### COUNT VIII. A MISDEMEANOR #N 05-04-1621

MENACING, in violation of Title 11, Section 602(a) of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, by some movement of his body or any instrument, did intentionally place Cpl. Scott Simpson in fear of imminent physical injury.

### COUNT IX. A MISDEMEANOR #N 05-04-1622

OFFENSIVE TOUCHING, in violation of Title 11, Section 601 of the Delaware Code of 1974, as amended.

RONALD G. JOHNSON, on or between the 15th day of April, 2005, in the County of New Castle, State of Delaware, did intentionally touch Michelle Roebuck either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to said person.

A TRUE BILL

_____
(FOREPERSON)

_____
ATTORNEY GENERAL

Marsha White for
_____
DEPUTY ATTORNEY GENERAL
Andrew Villa