IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Civ. A. No. 06-231-KAJ |
| RAPHAEL WILLIAMS, Warden, | ) |
| Respondent. | ) |

**O R D E R**

At Wilmington this 26TH day of May, 2006;

IT IS ORDERED that:

1. Petitioner Ronald G. Johnson's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DISMISSED as moot. (D.I. 1)

On April 16, 2005, while he was on federal supervised release, Johnson was arrested in the State of Delaware and charged with two counts of offensive touching of a law enforcement officer or ambulance attendant, resisting arrest, menacing, offensive touching, first degree unlawful imprisonment, and possession of a deadly weapon during the commission of a felony. See D.I. 4 in *U.S.A. v. Johnson*, 05-cr-29-KAJ. Johnson filed the instant § 2241 petition on April 6, 2006; at that point in time, his state criminal trial was scheduled to begin in May 2006. Johnson's § 2241 petition asserts four variations of the same issue: he should be released from state custody because the arrest warrant and the charges contained in the indictment are fraudulent. He contends that there is no victim or witness to the alleged crime, and also that no state officer pressed charges against him.

Federal courts do not have jurisdiction to review moot claims. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005)(the mootness "principle derives from the case or controversy requirement of Article III of the Constitution"); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong v. District Director, INS*, 264 F.3d 378, 383-84 (3d Cir. 2001). A case becomes moot if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal citations omitted); *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *Kissinger*, 309 F.3d at 180. When, as here, a petitioner does not challenge a state conviction, he can only satisfy Article III's "actual controversy" requirement by demonstrating continuing collateral consequences stemming from an illegal custody that are "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

I have recently learned that the State *nolle prossed* Johnson's state charges on April 21, 2006. D.I. 19, at Exh. 16. in *U.S.A. v. Johnson*, 05-cr-29-KAJ. On April 24, 2006, Johnson was transferred into federal custody pending a hearing regarding a violation of his federal supervised release. *See* D.I. 5. Johnson has not alleged, and I cannot discern, any continuing collateral consequences stemming from his past state

pre-trial custody that I can redress with a favorable habeas opinion. Accordingly, I dismiss Johnson's petition as moot.[1]

2. I will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

3. The clerk is directed to mail a copy of this order to Johnson.

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[1] If, for some reason, Johnson's petition is not moot, I alternatively dismiss it because the face of Johnson's petition clearly indicates that he is not entitled to habeas relief. See Rules 1(b) and 4, 28 U.S.C. foll. § 2254. Johnson's habeas claims are a thinly disguised attempt to derail a state criminal proceeding and not an attempt to correct a constitutional violation, and he fails to demonstrate extraordinary circumstances justifying my interference with a state court proceeding without having first exhausted state remedies. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).